United States District Court
Southern District of Texas
**ENTERED**
February 28, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2004-3, ASSET-BACKED CERTIFICATES, SERIES 2004-3, <br><br> Plaintiff, <br><br> V. <br><br> JOSE RODRIGUEZ, AMERIVENTURE, LTD., RMN REAL ESTATE LLC, RAMESH KAPUR D/B/.A AIC MANAGEMENT, <br><br> Defendants. | CIVIL ACTION NO. H-17-2483 |

## MEMORANDUM AND RECOMMENDATION

Pending and referred to the undersigned Magistrate Judge is Plaintiff's Motion for Default Judgment Against Defendant RNM Real Estate, LLC (Document No. 10), in which Plaintiff seeks a default judgment as against Defendant RNM Real Estate, LLC, which has been served, but has not filed a responsive pleading or otherwise defended against the claims asserted by Plaintiff. Having considered the motion, the absence of a response, the declaratory judgment claim at issue in this case, and the existence of other Defendants, including Ramesh Kapur d/b/a AIC Management, who has filed a responsive pleading, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Default Judgment (Document No. 10) be DENIED.

Plaintiff filed this case on August 14, 2017, seeking to quiet title on the Property located at 5001 Lamonte Lane #31, Houston, Texas 77092, and seeking certain declarations as to its title ownership and interests in the Property vis-a-vis the Defendants. An Agreed Partial Judgment was entered as against Defendant Ameriventure, Ltd. based on the parties' Notice of Settlement

(Document No. 12). A Clerk's Entry of Default was entered as against Defendant RNM Real Estate, LLC. (Document No. 14). Defendant Ramesh Kapur d/b/a AIC Management filed an Answer, Plea to Jurisdiction and Counterclaims (Document No. 17).

Plaintiff now seeks, based on the prior Clerk's Entry of Default against Defendant RNM Real Estate, LLC, a default judgment against defendant RNM Real Estate, LLC, declaring that Plaintiff is the title owner of the Property at issue in this case and that RNM has no interest in the Property. Although no response has been filed to the motion, the undersigned concludes that given the nature of the declaratory relief sought by Plaintiff in this case, and co-Defendant RNM Real Estate LLC's filing of a responsive pleading, the entry of a default judgment should not be entered at this time. "[I]t is within the court's discretion to deny entry of default judgment when other parties are litigating the merits of [the] action and the defense 'generally inures to the benefit of a defaulting defendant.'" *State Auto Prop. and Cas. v. Bartlett*, No. 3:12-CV-1711-P, 2013 WL 12126271 *2 (N.D. Tex. Sept. 30, 2013) (quoting *Lewis v. Lynn*, 236 F.3d 766. 767 (5th Cir. 2001)); *see also Progressive Mountain Ins. Co. v. Anderson*, No. CV 113-213, 2014 WL 6908851 (D. Ga. Dec, 8, 2014) (denying default judgment where case had multiple defendants, some of whom had appeared and were litigating the declaratory judgment claims); *Owners Ins. Co. v. Shamblin and Shamblin Builders, Inc.*, No. 8:13-cv-1929-T-30MAP, 2013 WL 6170597 (M.D. Fla. Nov, 21, 2013) ("When there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants."); *Nautilus Ins. Co. v. Watson*, No. 3:11-cv-1061 (SRU), 2012 WL 4097731 (D. Conn. Sept. 10, 2012) ("other federal courts, recognizing the potential for inconsistent judgments, have applied this rule to declaratory judgment actions involving multiple defendants, and declined to grant a default judgment

against one defendant until the matter has been adjudicated against them all."); *Penn-Star Ins. Co. v. Barr-Bros, Plastering, Co., Inc.*, No. 2:10-CV-587, 2011 WL 795062 (S.D. Ohio Feb. 28, 2011) ("In cases involving multiple defendants, however, 'courts frequently prefer to delay the default judgment against defaulting defendants until the claims against the nondefaulting defendants are resolved' in order to avoid inconsistent judgments."); *State Farm Fire & Cas. Co. v. Nokes*, No. 2:08-CV-312 PPS, 2010 WL 679057 (N.D. Ind. Feb. 23, 2010) (denying default judgment against defaulting defendants where other defendants had appeared and were seeking to resolve the declaratory judgment claims on the merits). Here, Plaintiff seeks a declaration that it is the title owner of the Property at issue in this case and that RNM has no interest in the Property. While that part of the relief requested by Plaintiff that seeks a declaration that RNM has no interest in the Property has no bearing on the claims of the remaining, answering co-Defendant, Ramesh Kapur d/b/a AIC Management Company, the other relief requested by Plaintiff – that is the title owner of the Property – does affect the remaining, answering co-Defendant, Ramesh Kapur d/b/a AIC Management Company. To avoid prejudice to Ramesh Kapur d/b/a AIC Management Company and the possibility of inconsistent judgments, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Default Judgment (Document No. 10) be DENIED at this time.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 27th day of February, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE