Case 4:17-cv-02483 Document 69 Filed on 11/04/20 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, § § § Plaintiff, § VS. § JOSE RODRIGUEZ, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:17-CV-2483 |

## ORDER

This is a judicial foreclosure case in which the dispositive issue is lien priority. Before this case was reassigned to the undersigned judge, Judge Hanen granted the plaintiff's motion for summary judgment. (Dkt. 29) Currently before the Court is a late response to the plaintiff's motion for summary judgment that was filed by one of the defendants, Ramesh Kapur d/b/a AIC Management ("Kapur"), with the Court's permission. (Dkt. 41; Dkt. 46) Kapur is *pro se*, and he represented to the Court at a status conference that he did not receive notice of the plaintiff's motion for summary judgment before Judge Hanen issued his order. (Dkt. 41) The Court has considered Kapur's response and will not vacate Judge Hanen's order. Accordingly, the Court will render judgment for the plaintiff and close this case.

## JUDGE HANEN'S ORDER

As Judge Hanen thoroughly explained in his order, the plaintiff, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2004-3, Asset-Backed Certificates, Series 2004-3 ("Deutsche Bank"), holds a home equity loan taken

out by Defendant Jose Rodriguez ("Rodriguez") in 2004. (Dkt. 29 at p. 3) The deed of trust associated with Rodriguez's loan was recorded in the real property records of Harris County, Texas on April 27, 2004, and the loan was assigned to Deutsche Bank on February 3, 2013. (Dkt. 29 at p. 3) The property at issue is a condominium located in the Arbor Green Condominiums complex ("the Property"). (Dkt. 29 at p. 2)

Rodriguez defaulted on the monthly assessments that he was required to pay to the Arbor Green Condominium Association ("the Association"), and the Association imposed and foreclosed on a lien against the Property. (Dkt. 29 at p. 3) Defendant Ameriventure, Ltd. ("Ameriventure") bought the Property. (Dkt. 29 at p. 3) When Ameriventure also defaulted on the monthly assessments, the Association foreclosed on the Property a second time. (Dkt. 29 at p. 4) At the second foreclosure sale, Defendant RNM Real Estate, LLC ("RNM") bought the Property. (Dkt. 29 at p. 4) RNM then sold the Property to Kapur. (Dkt. 29 at p. 4)

Through all of these changes in purported ownership, no one ever paid Deutsche Bank. (Dkt. 29 at p. 4) Rodriguez's home equity loan went into default in December of 2014. (Dkt. 29 at p. 4) Deutsche Bank's loan servicer sent a notice of default to the Property in 2015, and later that year Deutsche Bank followed that notice with a notice of acceleration. (Dkt. 29 at p. 4)

Deutsche Bank then filed this judicial foreclosure lawsuit, naming Rodriguez, Ameriventure, RNM, and Kapur as defendants. In granting Deutsche Bank's motion for summary judgment, Judge Hanen held that the record evidence shows that "[Deutsche Bank's] lien was senior to the Association's lien at the time of foreclosure and,

accordingly, could not have been extinguished by the foreclosure sale." (Dkt. 29 at p. 6) Judge Hanen based his holding on the Association's bylaws regarding the priority of liens and Texas caselaw discussing the doctrine of equitable subrogation. (Dkt. 29 at pp. 6–8)

When Judge Hanen granted Deutsche Bank's motion, Rodriguez had not been served and had not appeared; Ameriventure had settled with Deutsche Bank; RNM had been served but had not appeared; and Kapur had filed an answer but had not filed a response to Deutsche Bank's motion. (Dkt. 29 at p. 1) Since then, Kapur has, with the Court's permission, filed a late response to Deutsche Bank's motion (Dkt. 41; Dkt. 46), and the Court has entered a default judgment against Rodriguez and RNM. (Dkt. 55) RNM filed an answer (Dkt. 53) just before the Court entered its written order memorializing the default judgment but has not filed either a motion to vacate the default judgment or a response to Deutsche Bank's motion. Regardless of whether the default judgment against RNM can stand, Deutsche Bank's claims against RNM were resolved in Deutsche Bank's favor by Judge Hanen's summary judgment ruling.

## KAPUR'S ARGUMENTS

Kapur, who did not attach any evidence to his late response, has not provided any reason for the Court to reconsider Judge Hanen's conclusions.

A. *Identity*

Kapur first argues that there is a triable fact issue as to whether Deutsche Bank's deed of trust actually covers the Property because the Arbor Green complex is apparently known by two addresses, 5000 Milwee Street and 5001 Lamonte Street, only one of which (the Milwee address) is listed on Deutsche Bank's deed of trust. (Dkt. 46 at pp. 3–

4) The Court disagrees with Kapur. The quitclaim deed under which Kapur claims ownership of the Property lists both addresses for the Property. (Dkt. 27-11) More importantly, Deutsche Bank's deed of trust includes the legal description of the Property—the same legal description, the Court notes, as Kapur's quitclaim deed. (Dkt. 27-2 at p. 14; Dkt. 27-11 at p. 2) Under Texas law, "the legal description of a property will control over a common description or street address." *White v. Harrison*, 390 S.W.3d 666, 678–79 (Tex. App.—Dallas 2012, no pet.). There is no question that Deutsche Bank's deed of trust covers the Property.

### B. *Evidentiary objections*

Kapur next argues that Deutsche Bank did not present any admissible evidence. (Dkt. 46 at pp. 4–5) The Court disagrees. Deutsche Bank's evidence consists of a combination of judicially noticeable property records and properly authenticated business records. *See Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 587 Fed. App'x 86, 87 & n.3 (5th Cir. 2014) ("We may consider the deed of trust, the assignment of the deed of trust, and the Declaration in deciding the motion to dismiss since they . . . are matters of public record."); *see also* Fed. R. Evid. 803(6) (setting out business-records exception to hearsay rule). Deutsche Bank's evidence was admissible, and Judge Hanen properly considered it.

### C. *The Association's lien*

Kapur next argues that his purchase of the Property extinguished Deutsche Bank's lien because the Association's lien "was established in 1978[.]" (Dkt. 46 at pp. 5–6) There is no evidence showing that the Association's lien predates Rodriguez's home

equity loan, let alone evidence showing that the Association's lien stems from assessments due and owing in 1978. To the contrary, as Judge Hanen pointed out, "[t]he summary judgment evidence establishes that [Deutsche Bank's] lien was recorded on or around April 2004; that the [Association] assessments due and owing at that time were made current as of the [home equity loan's] closing; and that the Association did not foreclose on the Property until 2014." (Dkt. 29 at p. 6) Deutsche Bank's lien was superior to the Association's lien and remains intact. No evidence in the record shows otherwise.

### D. Kapur's counterclaim

Finally, Kapur argues that his counterclaim for "undue enrichment"—by which Kapur presumably means unjust enrichment or *quantum meruit*—is "still alive[.]" (Dkt. 46 at pp. 6–7) The Court again disagrees. Deutsche Bank moved for summary judgment on not only its claims but on Kapur's counterclaim. (Dkt. 27 at pp. 11–12) Judge Hanen unreservedly granted Deutsche Bank's motion. (Dkt. 29)

The Court will not disturb Judge Hanen's ruling. Kapur only pled in his counterclaim that he made improvements to the Property; he did not plead any improper conduct on the part of Deutsche Bank. (Dkt. 17 at p. 2) Whether he calls his counterclaim unjust enrichment or *quantum meruit*, it fails. Under Texas law, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992). "Unjust enrichment is not a proper remedy merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the party

sought to be charged amount to a windfall." *Id*. at 42 (quotation marks omitted). "*Quantum meruit* is an equitable remedy that is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 740 (Tex. 2005) (quotation marks omitted). No one took advantage of Kapur, and if he made improvements to the Property, those improvements were for his own benefit, not Deutsche Bank's.

Kapur's failure to plead or provide evidence of improper conduct on Deutsche Bank's part was fatal to his counterclaim when Judge Hanen issued his order and remains fatal to that counterclaim now.

## CONCLUSION

The Court will not vacate Judge Hanen's well-reasoned order. Deutsche Bank's claims against the four defendants have therefore now been resolved as follows:

(1) The Court entered a default judgment against Rodriguez, who was served but never answered. (Dkt. 55)

(2) Deutsche Bank settled with Ameriventure. (Dkt. 29 at p. 1; Dkt. 12)

(3) The Court entered a default judgment against RNM. (Dkt. 55). Just before the Court entered its written order memorializing the default judgment, RNM filed an answer. (Dkt. 53) RNM has not filed either a motion to vacate the default judgment or a response to Deutsche Bank's motion. Regardless of whether the default judgment can stand, Deutsche Bank's claims against RNM were resolved in Deutsche Bank's favor by Judge Hanen's summary judgment ruling.

(4) Deutsche Bank's claims against Kapur were resolved in Deutsche Bank's favor by Judge Hanen's summary judgment ruling.

In addition, Kapur's counterclaim against Deutsche Bank was dismissed by Judge Hanen's summary judgment ruling.

No claims by any party remain in this case, and the Court will render judgment for Deutsche Bank. Deutsche Bank is **ORDERED** to submit a proposed final judgment **by the close of business on November 12, 2020**.

SIGNED at Houston, Texas, this 4th day of November, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE